UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON
CIVIL ACTION NO. _____

MELVIN P. LITTERAL                                          PLAINTIFF

v.                               **COMPLAINT**

.

RYAN WELLS, RACHAEL CURNUTTE

SCOTT EVELY, EDWIN WILLIAMS,

JOHN TOLER, CALEB CRONEY,

LOGAN ANDERSON, BRANDON HELM,

TYLER FARRELL, SHANNON PENEGOR,

ALEXANDER MAY, STEVEN WIGGINS,

PATRICK MURRAY, CHRISTOPHER BEARD,

JAMES MCCULLOUGH, CONNOR SANDS,

MORGAN KELSEY, DANIEL CHRISTIAN and

GREGORY GERTON, in their individual capacities;

and LEXINGTON FAYETTE URBAN COUNTY

GOVERNMENT                                                 DEFENDANTS


***** ***** *****

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO
## 42 U.S.C. § 1983

Plaintiff, Melvin P. Litteral, through counsel, brings this action against the above-named

Defendants, Scott Evely, Ryan M Wells, Rachael Curnutte, Edwin Williams, John Toler, Caleb

Croney, Logan Anderson, , Brandon Helm, Tyler Farrell, Shannon Penegor, Alexander May,

Steven Wiggins, Patrick Murray, Christopher Beard, James McCullough, Connor Sands, Morgan

Kelsey, Daniel Christian and Gregory Gerton, in their individual capacities, and Lexington-

Fayette Urban County Government, for violations of his constitutional rights under the Fourth

and Fourteenth Amendments of the United States Constitution and other state law claims, and for his complaint, states and alleges as follows:

## INTRODUCTION

1. This is a civil action brought under 42 U.S.C. § 1983 seeking damages for the violation of Plaintiff's civil rights by the individual Defendants, who, acting under color of law, unlawfully entered Plaintiff's home without probable cause or a warrant, used excessive force, unreasonably seized Plaintiff, falsely charged Plaintiff with the criminal charge of resisting arrest, and deprived Plaintiff of his constitutional rights, including his right to be free from unreasonable searches and seizures and excessive force.

2. The Plaintiff's action against the Defendant, Lexington-Fayette Urban County Government (hereinafter sometimes referred to as, LFUCG) arises from said Defendant's deliberate indifference to the legal and constitutional rights of the Plaintiff in its failure to properly train or adequately supervise the individual law enforcement officers, and in its grossly negligent training, retention and supervision of the Defendants, Ryan Wells and Rachael Curnutte. The Defendant, LFUCG, acting through its supervisory employees and agents in the Lexington Police Department also condoned the actions of Defendants Wells and Curnutte, and engaged in a conspiracy with Defendants Wells and Curnutte, and other Defendant officers on the scene of Plaintiff's arrest to conceal the violation of Plaintiff's constitutional rights.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in the City of Lexington, Kentucky, which is located in the Eastern District of Kentucky and within the jurisdiction of this Court.

## PARTIES

5. **Plaintiff Melvin Litteral** is a resident of Lexington, Kentucky, and at all relevant times was within the territorial jurisdiction of this Court.

6. **Defendants Ryan M. Wells, Rachael Curnutte,  Scott Evely, Edwin Williams, John Toler, Caleb Croney, Logan Anderson, Brandon Helm, Tyler Farrell, Shannon Penegor, Alexander May, Steven Wiggins, Patrick Murray, Christopher Beard, James McCullough, Connor Sands, Morgan Kelsey, Daniel Christian and Daniel Gerton** (collectively "Defendant Officers"), were at all relevant times officers of the Lexington Police Department, an agency or division Lexington-Fayette County Urban Government, acting under color of state law. Defendant law enforcement officers are sued in their individual capacities.

7. **Defendant Lexington Fayette Urban County Government** is a municipal entity operating in Lexington, Fayette County, responsible through its Division of Lexington Police Department for the supervision, training, and conduct of its officers and the protection of constitutional rights of citizens.

## FACTUAL ALLEGATIONS

8.  On or about March 28, 2024, Plaintiff was inside his home located at 1539 Heron Lane Lexington, Fayette County, Kentucky, with the doors closed, when several officers, including Defendant Officers, arrived at the property.

9.  Defendants knocked on the door of Plaintiff's home. When the Plaintiff opened the door, he immediately saw the police and closed the door.

10. Defendants, without a search or arrest warrant, used physical force to open the door and prevent Plaintiff from closing his door by placing their feet and hands in the doorway to hold it open.

11. Plaintiff, exercising his constitutional right to refuse entry, pushed against the door to keep Defendants out of his home and repeatedly told them to leave because they did not possess a warrant.



12. Defendants, without legal justification, continued to push the door in an effort to force entry into Plaintiff's home, despite the fact that Plaintiff had not consented to their entry,

was inside his home, with no existing exigent circumstances, there was no indication Plaintiff was attempting to destroy or conceal evidence of any crime and there was no evidence of ongoing criminal activity.



13. Defendants presumably planned to arrest Plaintiff on a probable cause felony arrest for acts alleged to have occurred earlier that evening but wanted Plaintiff to exit the home. The Defendant Officers repeatedly requested that Plaintiff to come outside so they could speak with him but at no time informed Plaintiff that he was under arrest or that the officers had an arrest warrant or search warrant, with no arrest warrant or search warrant having been issued at the time of the encounter.

14. Over the course of several minutes, the struggle continued with Plaintiff resisting the Defendants' attempts to unlawfully gain entry by pushing against the door.



15. During the altercation, one of the Defendant Officers, Ryan Wells, acting in concert with the others and verbally announcing is intention to deploy his taser, used a taser through the crack of the door, between the door and door frame, tasing Plaintiff twice in the abdomen while Plaintiff was still inside his home.





16. As a result of the tasing, Plaintiff has suffered physical pain and emotional distress and has incurred medical expense.

17. At no point did Defendant Officers possess a search or arrest warrant, nor did they have any lawful authority to enter Plaintiff's home without consent or to exert physical force, including use of a taser weapon, upon Plaintiff.

18. Defendant, Ryan Wells, further charged Plaintiff with the criminal charge of resisting arrest although Plaintiff was never advised that he was under arrest prior to his being tased and taken into police custody.

19. Plaintiff did not at any time actively resist arrest as defined under Kentucky law.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FOURTH AMENDMENT – UNREASONABLE SEARCH AND SEIZURE (42 U.S.C. § 1983)

20. Plaintiff incorporates by reference all preceding paragraphs as if fully herein set forth.

21. Defendants, acting under color of state law, unlawfully attempted to enter Plaintiff's home without a search or arrest warrant, and did ultimately enter Plaintiff's home, in

violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

22. Plaintiff had a reasonable expectation of privacy in his home, and Defendants' actions constituted an unlawful entry and seizure.

23. As a direct and proximate result of the Defendants' actions, Plaintiff suffered damages, including physical injury, physical pain, emotional distress, medical expense and violation of his constitutional rights.

## COUNT II: VIOLATION OF THE FOURTH AMENDMENT – EXCESSIVE FORCE
### (42 U.S.C. § 1983)

24. Plaintiff incorporates by reference all preceding paragraphs as if fully herein set forth.

25. Defendants used excessive force when they tased Plaintiff twice through the partially open door while Plaintiff was inside his home and posed no immediate threat to the Defendant officers or other individuals.

26. Defendants' use of force was objectively unreasonable, excessive, and in violation of Plaintiff's Fourth Amendment rights.

27. After the Defendants unlawfully gained entry into Plaintiff's residence, one or more of the Defendant Officers, acting in concert with the other Defendant officers at the scene, physically grabbed and restrained Plaintiff in an aggressive and forceful manner, and placed him in handcuffs, all before informing the Plaintiff that he was being placed under arrest.



28. As a direct and proximate result of Defendants' use of excessive force, Plaintiff suffered physical injuries, pain, emotional distress, medical expense and other damages.



**COUNT III -- ASSAULT AND BATTERY**

29. Plaintiff incorporates by reference all preceding paragraphs as if fully herein set forth.

30. Defendant Ryan Wells, acting in concert with other Defendants, pushed and forcibly held open the front door to Plaintiff's residence while Plaintiff asked the Defendants to go away and attempted to hold the door closed from the inside of the residence.

31. When the Defendant officers were unable to gain entry through the front door of Plaintiff's residence, Defendant Ryan Wells, acting in concert with the other Defendant officers, put his hand and arm inside the crack of the front door and twice deployed his police taser so as to tase Plaintiff in his upper left abdomen and left forearm which resulted in physical injury and penetration of Plaintiff's skin by taser prongs and bleeding, constituting a civil assault and battery committed upon Plaintiff.

32. Plaintiff was subsequently placed under arrest and transported to a medical facility for evaluation and treatment before being transported to the Fayette County Detention Center.

33. As a direct and proximate result of the wrongful and intentional acts of the Defendants in committing this assault and battery, Plaintiff suffered physical injury, pain and suffering, emotional distress, medical expense, humiliation and embarrassment for which Plaintiff is legally entitled to compensatory damages.

## COUNT IV – FAILURE TO INTERVENE, CONCEALMENT AND CONSPIRACY TO CONCEAL CIVIL RIGHTS VIOLATIONS

34. In addition to the acts of Defendant, Ryan Wells, the other Defendant officers at the scene failed or refused to intervene to stop the unconstitutional tasing of the Defendant inside his residence after Officer Wells and/or other officers verbally discussed the intended use of the taser, and after Officer Wells, in the presence of other Defendant

10

Officers, verbally threatened Plaintiff with use of the taser unless Plaintiff would allow the Defendant police officers into his residence.

35. This failure to intervene on the part of the other Defendant officers constituted a deliberate indifference to the constitutional rights of the Plaintiff and resulted in Defendant Ryan Wells successfully reaching into Plaintiff's residence with his hand and arm for the purpose of tasing the Plaintiff.

36. The other Defendant officers had reason to believe and knowledge that Officer Ryan Wells was intending to wrongfully utilize a taser against Plaintiff, had a realistic opportunity to intervene to prevent the wrongful use of the taser, and nevertheless took no action to intervene to prevent or stop the wrongful use of the taser against Plaintiff, all in violation of Plaintiff's constitutional right to remain free from unreasonable seizure and excessive force under the 4th Amendment to the United States Constitution.

37. The actions of the other remaining Defendants in failing to prevent or later report the unlawful and unconstitutional use of the taser against Plaintiff as a violation of Plaintiff's civil and constitutional rights constitutes a deliberate indifference to the constitutional rights of the Plaintiff as well as concealment of and conspiracy to conceal the violation of Plaintiff's constitutional rights by all other Defendants.

38. The aforesaid actions of the Defendant police officers were committed with malice and reckless indifference toward Plaintiff's federally and constitutionally protected rights, entitling Plaintiff to the recovery of punitive damages against Defendant Ryan Wells and the other Defendant police officers.

39. The actions of the Defendant, Lexington Fayette Urban County Government, in failing or refusing to recognize or address the violation of Plaintiff's civil rights by the

Defendant Officers constitutes a deliberate indifference to the civil rights of the Plaintiff, and further constitutes concealment and conspiracy to conceal the violation of Plaintiff's civil rights by refusing to recognize and address the violation of Plaintiff's rights while acting with knowledge of the actions of the Defendant Officers, including Officer Ryan Wells.

40. The actions of Defendant, Lexington-Fayette Urban County Government, in allowing the egregious deficiency in its training, supervision and retention of the Defendant Officers, including Officer Ryan Wells, to the extent that the Defendant Officers blatantly violated the well-established constitutional rights of the Plaintiff without recourse, disciplinary measures, training measures or other direction from the Lexington Police Department or the Lexington-Fayette Urban County Government, constitutes or derives from a policy, custom or practice of LFUCG yielding a deliberate disregard for the constitutional rights and safety of the citizenry, including the rights and safety of the Plaintiff, Melvin Litteral.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1. An award of compensatory damages to Plaintiff for the violations of his constitutional rights, including physical and emotional injuries and medical expense suffered as a direct and proximate result of Defendants' unconstitutional and unlawful conduct, in an amount not less than $5,000,000.00.

2. An award of punitive damages against the individual Defendant Officers to deter future unconstitutional conduct, in an amount not less than $5,000,000.00.

12

3.  An award to Plaintiff for reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

4.  A Permanent Injunction requiring Lexington-Fayette Urban County Government to implement training and supervision measures to ensure no future similar constitutional rights violations occur, including appropriate mandatory additional training of each officer employed by the LFUCG regarding civil rights and violations of same, and judicial or administrative monitoring of the Lexington Police Department for detection and correction of civil rights violations by the Lexington Police Department for a period of not less than three years, or such other time period as the Court may deem appropriate, to prevent further civil rights abuse and for the protection of the public.

5.  That the Court Grant any other relief this Court deems just and proper; and

## JURY DEMAND

6.  Plaintiff hereby demands a trial by jury on all issues so triable.

*Respectfully submitted,*

/s/ Edward L. Cooley
Edward L Cooley
ed@cirlegal.com
Rhonda Nicole Iuliano
nicole@cirlegal.com
Michael Ryan Robey
ryan@cirlegal.com
COOLEY IULIANO ROBEY, PLLC
201 West Short Street, Suite 500
Lexington, KY  40507
Telephone:  (859) 258-2697Facsimile: (859) 402-0296